IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY JAMES ROBINSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MARK BROTHERS, *Superintendent SCI Pine Grove*; THE PENNSYLVANIA BOARD OF PARDONS; *and* THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Respondents. ) | Civil Action No. 23-2021 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 18 |

## **MEMORANDUM OPINION**

Pending before the Court is Respondents' Motion to Dismiss the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Gary James Robinson ("Petitioner"), a state prisoner currently incarcerated at the State Correctional Institution at Pine Grove. ECF No. 18.

For the reasons stated herein, the Motion to Dismiss will be granted, the Petition will be dismissed, and a certificate of appealability will be denied.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner initiated the present matter by filing the petition on November 20, 2023. ECF No. 1 at 6. See also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("we hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."). Therein, he challenges the decision of the Pennsylvania Board of

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 3, 28.

1

Pardons to deny him clemency. Petitioner is serving a sentence of life imprisonment imposed in 1978 following his conviction in the Court of Common Pleas of Beaver County, Pennsylvania, for, *inter alia*, murder of the second degree and robbery at docket number CP-04-CR-0000199-1977.

Respondents filed the instant Motion to Dismiss on June 14, 2024. ECF No. 18. Petitioner filed a Response to the Motion on July 11, 2024. ECF No. 23. He filed Amended and Supplemental Pleadings in response to the Motion on July 20, 2024. ECF No. 24.

The Motion to Dismiss is ripe for consideration.

## II. ANALYSIS

Respondents argue, *inter alia*, that Petitioner's challenge to the denial of clemency is not cognizable in this federal habeas petition. ECF No. 18 at 5-7. Respondents are correct and thus this Court lacks subject matter jurisdiction over Petitioner's petition.

28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment, permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). In the instant petition, Petitioner does not seek review of the conviction and sentence for which he is in custody.[2] Instead, he seeks review of the basis on which the state Board of Pardons denied his request for clemency, asserting he was denied due process of law in that proceeding. ECF No. 1 at 5. This challenge is not an attack on his detention and thus does not constitute a ground for habeas relief. Eisen v. Rozum, 2014 WL 1234505, at *4 and n.7 (W.D. Pa. Mar. 25, 2014) (holding that a challenge to the Board of Pardons denial of commutation is not

---

[2] He has done so in both state and federal courts. See, e.g., Commonwealth v. Jerry, 401 A.2d 310 (Pa. 1979) (affirming judgment of sentence); Commonwealth v. Robinson, 421 A.2d 1066 (Pa. 1980) (affirming denial of first petition filed pursuant to Pennsylvania's Post Conviction Relief Act); Robinson v. Fulcomer, Civ. A. No. 85-2924 (W.D. Pa.) (disposing of habeas petition); ECF No. 18-1.

cognizable on habeas review); DA's Office v. Osborne, 557 U.S. 52 (2009) (holding that because noncapital defendants do not have a liberty interest in state executive clemency, they cannot challenge the constitutionality of its procedures); Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 284-85 (1998) (explaining that clemency proceedings are not an integral part of the system for finally adjudicating guilt or innocence but are a matter of grace committed to authority of executive authority and not the business of the courts); Otey v. Hopkins, 5 F.3d 1125, 1131-32 (8th Cir. 1993) (holding that habeas petitioner's claim that his constitutional rights were violated via the state Board of Pardons' procedures in considering his request for clemency was not cognizable in a 2254 petition).

Accordingly, Respondents' Motion to Dismiss will be granted and this petition will be dismissed.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability will be denied, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate Order follows.

Dated: March 3, 2025

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Gary James Robinson
      AP-3273
      SCI Pine Grove
      189 Fyock Road
      Indiana, PA 15701

3